**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ALVIN EARL PITTMAN**                                                                         **PLAINTIFF**

**v.**                                                               **No. 4:12CV92-A-A**

**LT. SHARON HAMILTON, ET AL.**                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Alvin Earl Pittman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, part of the instant case will be construed as a *habeas corpus* petition under 28 U.S.C. § 2241, and the remainder will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On February 16, 2012, the plaintiff punched offender Kenneth Brewer twice in the face. He received a rule violation report for that infraction. On February 28, 2012, two other inmates were accused of stabbing Kenneth Brewer in the face, and the plaintiff also received a rule violation report regarding that infraction. At the disciplinary hearing, he pled guilty to punching Brewer in the face, but denied any part in the stabbing. He was found guilty of both and lost 60 days of earned time, effectively extending his time to be served by 60 days. He was also placed in long-term administrative segregation for the assault on February 28, 2012. He believes he was framed and seeks expungement of the rule violation report from his institutional record.

*Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court's conclusion that plaintiff's success in his claim for damages against the defendants would necessarily draw into question the validity of his sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. Pittman has made no such showing; as such, the plaintiff's claims arising out of 42 U.S.C. § 1983 will be dismissed without prejudice as premature, and the present pleading will be construed as a

petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of January, 2013.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**